STATE TEACHERS RETIREMENT
BOARD et al., Plaintiffs,

v.

FLUOR CORPORATION et
al., Defendants.

No. 76 Civ. 2135.

United States District Court,
S. D. New York.

Dec. 2, 1976.

Schwartz & Schwartz, Russell A. Kelm, Nelson E. Genshaft, Special Asst. Attys. Gen., Columbus, Ohio, William J. Brown, Ohio Atty. Gen., Donald A. Antrim, David J. Sherriff, Asst. Attys. Gen., Columbus, Ohio, for plaintiffs.

Kelley, Drye & Warren, New York City, for defendant Manufacturers Hanover Trust Co.; Richard J. Concannon, New York City, of counsel.

Cahill, Gordon & Reindel, New York City, for defendant, Fluor Corp.; Raymond L. Falls, Jr., New York City, of counsel.

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for defendant, Mitchell Hutchins, Inc.; Charles M. McCaghey, New York City, of counsel.

OPINION

FRANKEL, District Judge.

This action, brought under § 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b–5, 17 C.F.R. § 240.10b–5, is currently before the court on plaintiff's motion for conditional class action certification.

Plaintiff, State Teachers Retirement Board ("the Board"), charges defendants, Fluor Corp. ("Fluor"), Manufacturers Hanover Trust Company ("Manufacturers"), and Mitchell Hutchins, Inc. ("Mitchell"), with material nondisclosures in connection with the sale of shares of Fluor.

Fluor is a multinational designer and builder of oil, petrochemical and other manufacturing process plants. In late 1974, it is alleged, Fluor was engaged in negotiations with the South African Coal, Oil and Gas Corp. ("SASOL") for a one billion dollar construction contract which was awarded to Fluor on or about March 3, 1975. The award was not publicly announced at that time.

At the close of trading on Thursday, March 6, Fluor issued a press release announcing that on Monday, March 10, the company would be issuing a news announcement, and, consequently, by agreement between Fluor and the New York Stock Exchange, trading in Fluor stock would be suspended pending the announcement. At 9:00 a. m. on the 10th, the SASOL contract was announced; trading resumed on the New York Stock Exchange at 11:16 a. m.

Plaintiff, which sold 288,257 shares of Fluor between March 3 and March 6, 1975, alleges that prior to the public announcement on the 10th, Fluor allowed information concerning the award to leak to certain "tippees," among them defendants Mitchell and Manufacturers. The Board alleges that, based on this inside information, Mitchell solicited the sale by the Board of 161,357 shares of Fluor, 150,000 of which were ultimately sold to Manufacturers.

In addition to pressing its own claims against the defendants, plaintiff seeks to represent "all those who sold shares of the common stock of Fluor Corporation between March 3 and March 13, 1975, inclusive, without knowledge of Fluor's contract with" SASOL.

Defendants present several objections to the proposed class certification. First, since the case is based on a violation of defendants' alleged duty to disclose, they argue that such a duty was met by the March 10 announcement. Thus, defendants claim that there can be no injured class or part of a class of persons who sold after March 10.

Second, defendants contend that significant differences exist between those who sold before the March 7 suspension and those who sold after; that questions as to the effect of the pre-announcement suspension on defendants' duty to disclose, as well as issues of lack of knowledge and reasonableness of reliance, are sufficiently different as to make inappropriate a single class of plaintiffs for the entire period. Additionally, since the Board made all of its sales prior to the March 7 suspension, defendants argue that it is an inadequate class representative with respect to later sellers. Finally, defendants suggest that it is inappropriate for the Board to serve as a class representative even for those plaintiffs who sold prior to March 7. The Board is said to be disqualified for three reasons:

First, it is a trustee of assets held for the payment, retirement allowances, and other benefits to eligible teachers in the Ohio public school system; defendants say plaintiff may have to make decisions for the class which conflict with its fiduciary duty to the fund. Second, the Board is represented by the Ohio Attorney General, who cannot represent private, out-of-state people. Third, the Board regularly deals with defendant Mitchell, which claims to have certain unique defenses to the Board's claims. This defendant argues, therefore, that the Board's claims are not sufficiently typical of the class claims to permit it to serve as class representative.

## I

In support of the proposed class period, March 3–March 13, and particularly with respect to the period March 10–March 13, plaintiff argues that the damage done to the sellers of Fluor stock by defendants' selective disclosure of the SASOL contract was not completely cured immediately after the announcement. Because not all of the sellers which plaintiff seeks to represent traded on the New York Exchange, time must be allowed for the information to circulate. This is a recurrent kind of problem respecting which the merits and questions of class definition are closely interrelated. It is best to avoid premature decisions of substance. Suffice it to say—subject to possible reconsideration at some later stage—plaintiff shows enough for now to sustain its view of the period to be embraced by the class definition.

## II

■ As to the appropriateness of the Board's representation of those class members who sold after March 6, 1975, the court finds some merit in the defendants' arguments. The maximum reasonable response, however, is to hold open the possibility of subclasses, not to deny now the certification plaintiff seeks. As the issues now appear, there is no clearly decisive reason why the substantial plaintiff before the court cannot fully, fairly, and responsibly represent sellers for the whole of the claimed period in issue. As all are aware, there can be no settlement or other disposition without the court's detailed supervision. On the other hand, one or more sellers for the period March 7–13 may desire their own particular representation.[1] Accordingly, while plaintiff will represent as of now an overall, unitary class, the notice to be issued will state the court's receptivity to the idea of creating subclasses and designating separate representatives later on.

## III

■ Arguing broadly that a trustee may not sue for a class extending beyond the beneficiaries, defendants oppose certification upon this additional ground. There is some authority for the position, but this court rules otherwise.[2]

It is true, of course, that a trustee seeking to represent a class undertakes some risks and expenses incident to the effort. That is no less true of anyone, individual or organization, who applies to be a class representative. Most litigants attempting class actions do so upon calculations of advantage—notably, in an effort to have others in the class help them defray the burdens of large litigations. Every putative class representative must reckon with the costs and benefits for himself. There is no *a priori* reason why a trustee, in profound good faith, cannot attempt a similar estimate for his cestuis. This case is added to

1. On the evidence, it may appear that there are different questions with respect to those who sold before the 11 a. m. announcement on March 10, and those who sold after (but before the 13th). It is not necessary to make that determination at this time.

2. The question is considered here only from a federal perspective; this court cannot pretend to speak authoritatively on applicable state law governing trusts and trustees. If a state-created trustee were precluded, as a matter of state law, from representing a class, the restriction would, we may presume, extend to federal proceedings. Today's decision arises from presentations which contain no indication of any such limitation.

seemingly sound precedents refusing to outlaw such fiduciary determinations. See *Clark v. Cameron-Brown Co.*, 72 F.R.D. 48 (M.D.N.C.1976); *Seiden v. Nicholson*, 69 F.R.D. 681, 689 (N.D.Ill.1976). But see *King v. Sharp*, 63 F.R.D. 60 (N.D.Tex.1974).

The specific fiduciary before this court appears thus far to have proceeded prudently and deliberately to the claim of representativeness it now asserts. Until or unless there is some contrary indication from Ohio or the law of Ohio, the role of plaintiff as trustee is deemed consistent with the maintenance of this class action.

## IV

 With respect to the special defenses which may be asserted against this plaintiff, the court is not persuaded that these must or probably will hamper class representation. Logically prior to these defenses is the overriding question common to the plaintiff class—whether or not selective disclosure of the SASOL contract took place. The purpose of the "typicality" requirement is to ensure that the best case will be presented for the absent class members. For that purpose, the Board demonstrates an ample and representative interest.

## V

 The final question concerns the power of the Ohio Attorney General, statutory legal counsel to the Board, to represent non-residents of Ohio. There is no reason, as a matter of federal law, why class suits may not be pressed by state attorneys general; reported cases illustrate the point. See *Illinois v. Brunswick*, 32 F.R.D. 453 (D.Ill.1963); *Minnesota v. United States Steel Corporation*, 44 F.R.D. 559 (D.Minn. 1968); *Illinois v. Harper & Row Publishers, Inc.*, 301 F.Supp. 484 (N.D.Ill.1969). But cf. *City of Philadelphia v. American Oil Co.*, 53 F.R.D. 45 (D.N.J.1971). Where, as here, a legitimate state "client" becomes allied with out-of-state class members, and where the State's counsel is clearly adequate and the state agency's representativeness sufficiently shown, no sound ground appears to forbid the role proposed herein.

Plainly, it is the opinion of the Ohio Attorney General that the representation here is within his authority. While his may not be the last word on the subject, it has weight. In the absence of an overriding voice from Ohio declaring otherwise, the case may proceed as it was brought. Cf. *Iowa v. Union Asphalt and Roadoils, Inc.*, 281 F.Supp. 391, 401 (D.Iowa 1968), aff'd on other grounds, 409 F.2d 1239 (8th Cir. 1969).

Plaintiff's motion for conditional class action certification will be granted.

An order is to be settled on notice, and by agreement if possible, embodying, *inter alia*, a suitable form of notice to the members of the class.