STATE TEACHERS RETIREMENT BOARD, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

FLUOR CORPORATION, Mitchell Hutchins, Inc., Manufacturers Hanover Trust Co., Merrill Lynch, Pierce, Fenner & Smith, Inc., Defendants.

No. 76 Civ. 2135 (RWS).

United States District Court,
S. D. New York.

Oct. 23, 1978.

Schwartz, Remsen, Shapiro & Kelm, Columbus, Ohio, for plaintiffs, by Russell A. Kelm, Columbus, Ohio, of counsel.

William J. Brown, Atty. Gen. of Ohio, by Donald A. Antrim, James B. Farmer, Asst. Attys. Gen., Columbus, Ohio, Brown, Wood, Ivey, Mitchell & Petty, New York City, for Merrill Lynch, Pierce, Fenner & Smith, Inc., New York City, by Richard C. Casey, New York City, of counsel.

Cahill, Gordon & Reindel, New York City, for defendant Fluor Corp.; by Raymond L. Falls, Jr., New York City, of counsel.

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for defendant Mitchell Hutchins, Inc.; by Charles M. McCaghey, New York City, of counsel.

Kelly, Drye & Warren, New York City, for defendant Manufacturers Hanover Trust Co.; by Richard J. Concannon, New York City, of counsel.

OPINION

SWEET, District Judge.

Plaintiffs' original complaint in this action was filed on May 12, 1976. By the opinion of the Honorable Marvin E. Frankel, dated December 2, 1976 (73 F.R.D. 569 (S.D.N.Y.1976)), plaintiffs' motion for conditional class certification as to defendants Fluor Corporation, Mitchell Hutchins, Inc. and Manufacturers Hanover Trust Co. was granted. By the first amended complaint, served March 31, 1978, Merrill Lynch, Pierce, Fenner & Smith, Inc. ("MLPFS") was added as a defendant in this action. Plaintiffs here seek to extend conditional classification as against MLPFS as well. The basic undisputed facts have been set forth in the opinion of Judge Frankel and need not be repeated herein. For the reasons set forth below, this court is satisfied that at this stage of the proceeding, and for the purposes of conditional certification, the requirements of Rule 23, Fed.R.Civ.P., have been met.

Based upon plaintiffs' memorandum in support of their motion, the opinion of Judge Frankel, and the absence of opposition by MLPFS, this court is satisfied that, at this stage of the proceeding, the following requirements of Rule 23 have been satisfied: (i) that the class is so numerous that joinder of all members is impracticable, (ii) that the representative parties, and their counsel, will fairly and adequately protect the interests of the class, and (iii) that the claims of the plaintiffs are typical of the claims of the class.

What remains open is whether common questions of law or fact predominate, and whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Defendant urges that these requirements have not been satisfied.

■ Contrary to the assertions of MLPFS, at this stage plaintiffs' claim that this is not an oral misrepresentation action, but a non-disclosure action, must be accept-

ed. The allegation that MLPFS traded in or recommended the purchase of Fluor stock during the applicable period, while in possession of material inside information and without disclosing such to the public, removes the requirement of individual proof as to the information in possession of each selling plaintiff and such plaintiff's reliance. *Affiliated Ute Citizens v. United States,* 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1973); *Shapiro v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 495 F.2d 228 (2d Cir. 1974); *Friedlander v. City of New York,* 71 F.R.D. 546 (S.D.N.Y.1976).

■ Similarly, a showing that MLPFS had knowledge of material inside information (the billion dollar contract) and either traded or recommended trading without disclosing such to the general public will satisfy the plaintiffs' burden. *Shapiro, supra.* A comprehensive examination of all 500 MLPFS customers who purchased during the relevant period would not necessarily be required.

■ MLPFS also opposes the motion on the grounds that there are individual questions raised by diverse application of the Statute of Limitations. The issue appears to be one of first impression, and requires a determination as to whether or not the Statute of Limitations of the state of residence of each class member is applicable in a 10b–5 class action, thereby creating the need for individual proof sufficiently extensive to make class action treatment inappropriate.

It may not be necessary, at this juncture, to determine whether one Statute of Limitation, or that of each potential plaintiff pursuant to the New York borrowing statute, is applicable, since it may very well be that a state by state legal survey would not be of such consequence as to predominate over those questions common to the class as a whole. However, in the absence of any authority, it would appear to be the better course to meet this issue at the outset in order to determine whether this action requires application of diverse time periods, thereby preventing class action treatment by its creation of diverse issues. Allowing the application of the Statute of Limitations of each state in which a potential plaintiff resides might necessarily defeat many 10b–5 actions otherwise properly maintainable as a class action.

In *Sack v. Low,* 478 F.2d 360 (2d Cir. 1973), the court held that a cause of action for fraud arises where "its economic impact is felt, *normally* the plaintiff's residence." (Emphasis supplied.) *Id.* at 366. This holding was again followed in *Arneil v. Ramsey,* 550 F.2d 774 (2d Cir. 1977). However, "both *Sack, supra,* 478 F.2d at 367–68, and *Arneil, supra,* 550 F.2d at 780, note that there might be circumstances under which the place of injury under the traditional rule would not be the place of principal residence of the injured party . . .". *Bache Halsey Stuart Inc. v. Namm,* 446 F.Supp. 692, 697 (S.D.N.Y.1978). This is such a circumstance, since to apply the limitation period of the state of each potential class member would make this suit, as well as almost all 10b–5 class actions, unmaintainable. In *Natural Resources Corp. v. Royal Resources Corp.,* 427 F.Supp. 880 (S.D.N.Y.1977) the Honorable Robert J. Ward declined to follow *Arneil* and *Sack*; instead he applied the modern conflicts doctrine set forth in *Martin v. Julius Dierck Equipment Co.,* 52 A.D.2d 463, 384 N.Y.S.2d 479 (2d Dept. 1976), aff'd., 43 N.Y.2d 583, 403 N.Y.2d 185, 374 N.E.2d 97 (1978), where the Second Department stated:

[T]he test requires us to determine what the essence of the action is and which jurisdiction has the most significant contacts with the issues before the court. (Citations omitted).

*Id.,* 52 A.D.2d at 466, 384 N.Y.S.2d at 482.

The *Martin* test is to be applied under the circumstances which exist here. To use the test asserted by MLPFS would result in the application of varying periods of limitations in every 10b–5 action involving class members from different states. Such a result is without legal precedent or rational support. In 10b–5 actions in which all elements for class certification have been met the propriety of proceeding as a class should not and will not be removed by such a vagrant

factor. Instead, the much more substantial test set forth in *Martin* will be applied; the essence of the action and the jurisdiction having the most significant contacts with the issues before this court are the most salient factors in actions of this nature.

Therefore, under the circumstances which exist here, where it must be presumed that for purposes other than the applicable limitation period the proceeding is properly maintainable as a class action in this district, this court will not apply the limitation period of the residence of each potential plaintiff. Instead, the applicable limitation period will be but one, determined by such factors as, but not limited to,

(i) the place where the actual stock transactions took place;

(ii) the state of incorporation and principal place of business of Fluor and the other defendants; and

(iii) the place where the alleged fraud occurred.

*See generally Natural Resources Corp., supra.* Although the applicable period of limitation is yet to be determined, this court will eventually choose but one period. The question will, at least for the most part, be common to all the plaintiffs; therefore, class action status will not be denied on this basis.

The issue of extension of the class beyond March 6, 1975 was dealt with by Judge Frankel in the prior opinion. His determination is the law of this case. MLPFS is in no different position on this issue than the other defendants in this action. Although Judge Frankel specifically left this issue open for later review, this is not the appropriate time for such. The notice that Judge Frankel ordered, to include "the court's receptivity to the idea of creating subclasses and designating separate representatives later on" (73 F.R.D. at 571) has yet to be issued. Therefore, this issue must await final resolution until completion of discovery and a narrowing of the issues.

Based upon the foregoing, plaintiffs' motion for conditional class certification as to defendant MLPFS is hereby granted.

IT IS SO ORDERED.