**Hugh COLLINS, et al., Plaintiffs,**

v.

**INTERNATIONAL DAIRY QUEEN, INC., et al., Defendants.**

**No. 5:94–cv–95–4 (WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

Sept. 3, 1997.

William Camp Harris, John Elvis James, Lisa Neill–Beckmann, Macon, GA, Diane Green Smith, Chicago, IL, Lee Abrams, Chicago, IL, for Hugh Collins, Max Collins, Matt Mullis, Dairy Queen of Powder Springs, Inc.

William Camp Harris, John Elvis James, Lisa Neill–Beckmann, Macon, GA, Diane Green Smith, Chicago, IL, for T–Jazier, Inc., Dairy Queen and Brazier of Eastman, Inc.

Emmet J. Bondurant, II, Atlanta, GA, Benjamin M. Garland, Macon, GA, William L. Killion, Quentin R. Wittrock, Minneapolis, MN, for International Dairy Queen, Inc., American Dairy Queen Corp.

### *ORDER*

OWENS, District Judge.

In response to a dispute between the parties as to whether the classes certified in this matter should include former as well as current franchisees, this court earlier directed counsel for the defendants to undertake research to ascertain the addresses of former franchisees and subfranchisees of Dairy Queen stores since April of 1988. Counsel now indicate that they have completed the

analysis of current and closed store files and have identified approximately 2,214 former franchisees back to April 4, 1988. Plaintiffs state, however, that as of July 16, 1997, notices of class action have not been sent to those persons who ceased to be a Dairy Queen franchisee or subfranchisee prior to January 22, 1997. Plaintiffs accordingly ask the court to direct that a notice of class action be sent to all former franchisees and subfranchisees who fit within Class I, Class II, and/or Class III, and who held a franchise agreement at any time from April 5, 1988 (six years before the date the complaint was filed) and January 22, 1997.

Defendants assert that the interest of current franchisees in defendants' financial viability is not shared by former franchisees, who are unlikely to be concerned for defendants' financial health. According to defendants, the potential antagonistic interests between current and former franchisees prevent plaintiffs, as current franchisees, from acting as adequate class representatives for both current and former franchisees/ subfranchisees. Defendants rely upon Judge Elliott's comments in *Plekowski v. Ralston Purina Co.*, 68 F.R.D. 443, 452 (M.D.Ga.1975). The court in that case denied class certification, reasoning that a former customer of Ralston Purina Co. was not in a position to determine the best course of action for each class member in a class consisting of both former and current customers. Cases cited by plaintiffs specifically relating to franchisees hold the opposing view that one individual can represent both current and former franchisees. *See, e.g., Rental Car of New Hampshire, Inc. v. Westinghouse Electric Corporation*, 496 F.Supp. 373 (D.Mass.1980), and *M. Simon v. Westinghouse Electric Corp.*, 73 F.R.D. 480 (E.D.Pa.1977).

Defendants also argue that plaintiffs' consistent use of present tense language in their complaint and all its amendments, as well as in the motion for class certification, evidences plaintiffs' counsel's awareness of the possibility of antagonistic interests and should in itself exclude former franchisees/subfranchisees from inclusion in the certified classes. Plaintiffs concede the use of the present tense language but deny that such language should be construed to so limit class membership. While urging the court to hold that the present tense language does not affect the rights of individuals holding franchisees any time after April 5, 1988, plaintiffs argue alternatively that the language encompasses at least the time period beginning within the filing of the complaint on April 5, 1994. Both parties acknowledge, furthermore, that plaintiffs are free to file a motion to amend the complaint specifically to include former as well as current franchisees should the court find that the use of the present tense operates to limit class membership to current franchisees.

■ The use of present tense language in the complaint, amended complaints, and motions is not in the court's view a sufficient reason to deny class membership to former Dairy Queen franchisees who may have been injured by defendants' conduct within the statutory period beginning April 5, 1988. Additionally, the cases cited by plaintiffs support the view that a current franchisee can adequately represent the interests of both current and former franchisees/subfranchisees. Proof concerning whether defendants' actions during the relevant time frame should compel them to pay damages is the same in the cases of both current and former franchisees/ subfranchisees. Further, the fact that current franchisees but not former franchisees are interested in injunctive relief does not create a divergence of interests sufficiently antagonistic to deny class membership to former franchisees who may have been damaged by defendants' actions.

■ Finally, counsel for defendants state that many of the addresses which their research has produced are likely to be incorrect. To the extent that this is true, it is not a basis for refusing to attempt to notify all former franchisees. The court notes in this regard that there have also been problems with many of the addresses of current franchisees/subfranchisees.

Accordingly, a notice of class action shall be sent to all former franchisees and subfranchisees who fit within Class I, Class II, and/or Class III, and who held a franchise

agreement at any time from April 5, 1988, to January 22, 1997.