Raymond K. PEIL, on behalf of himself and all others similarly situated

v.

Marvin M. SPEISER; Leon C. Baker; Marvin S. Caligor; Gerald Chige; Roy Marcus; Agis F. Kydonieus; Health-Chem Corporation; and Drexel Burnham Lambert, Incorporated.

Civ. A. No. 82–1289.

United States District Court, E.D. Pennsylvania.

March 9, 1983.

Donald Lewis, Greenfield & Chimicles, P.C., Bala Cynwyd, Pa., for plaintiff.

Jerome J. Shestack, Andrew E. Taslitz, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

VanARTSDALEN, District Judge.

Plaintiff Raymond K. Peil has moved for class action certification pursuant to Federal Rule of Civil Procedure 23. Defendants

have filed a motion for summary judgment in their favor and have submitted a memorandum of law which both supports their motion for summary judgment and opposes the granting of class certification. For the reasons which follow, the plaintiff's motion for class certification will be granted and the defendants' motion for summary judgment will be denied.

## I. *Motion for Class Certification*

The plaintiff alleges that the defendants disseminated false and misleading information to the investing public about Health-Chem Corporation's (Health-Chem's) products to combat gypsy moth infestation and the financial benefits to Health-Chem anticipated from the sale of such products. The plaintiff contends that the conduct of all defendants violated section 10(b) of the Securities Exchange Act of 1934 and rule 10b–5, 17 C.F.R. 240.10b–5, promulgated thereunder. Plaintiff seeks to maintain these claims on behalf of a class of investors injured by defendants' conduct during the period April 14, 1980, through and including November 2, 1981 (the class period).

The plaintiff further seeks to maintain a class action pursuant to section 11 of the Securities Act of 1933 against defendants Drexel Burnham Lambert, Inc. (DBL), Health-Chem, Speiser, Baker and Marcus on behalf of all persons who purchased Health-Chem's 10⅝% convertible debentures in connection with Health-Chem's public offering of April 15, 1981.

The plaintiff also seeks to represent a class as to a count based on violations of the

common law of fraud, recklessness and misrepresentation, asserting pendent jurisdiction for these claims.

Federal Rule of Civil Procedure 23(a) sets forth four prerequisites to maintaining a class action.[1] Even though the prerequisites of subdivision (a) of Rule 23 are met, a class action may be maintained only if one of the elements of subdivision (b) is also met. In the instant action, plaintiff alleges that all of the prerequisites of subdivision (a) are met and that subdivision (b)(3)[2] has been satisfied.

### A. *Rule 23(a) Requirements*

#### 1. *Numerosity*

■ Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." The plaintiff avers that, while data establishing the exact number of proposed class members remains in the hands of the defendants, at least several thousand persons purchased Health-Chem securities during the class period.

Defendants have objections, *inter alia,* to the composition of the class, but do not dispute that the class *as defined by plaintiff* is so numerous that joinder of all members would be impracticable.

"In securities actions, the 'federal trial courts are quite willing to accept common sense assumptions in order to support a finding of numerosity.'" *Wolgin v. Magic Marker Corp.,* 82 F.R.D. 168, 171 (E.D.Pa. 1979), *quoting* 5 Newberg on Class Actions § 8812 at 836 (1977). The proposed class

---

1. Rule 23(a) provides:
   One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

2. Rule 23(b)(3) provides that a class action may be maintained if:
   the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting

only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

period is April 14, 1980, through November 2, 1981. The plaintiff assumes that during this period several thousand potential class members purchased Health-Chem stocks and debentures and were damaged as a result of defendants' actions. Since defendants do not dispute the number of purchasers during the proposed class period, I accept plaintiff's "common sense assumption" as to numerosity. Certainly joinder of such a number of plaintiffs would present considerable difficulty. I therefore find at this time that the plaintiff has satisfied the numerosity requirement.

### 2. *Commonality*

Rule 23(a)(2) requires that "there [be] questions of law or fact common to the class." Plaintiff argues that questions common to the proposed class concern "whether the defendants, by way of misstatements and omissions, pursuant to a course of conduct carried on throughout the Class Period, failed to disclose to their customers material information relevant to the operating and financial condition of Health-Chem and the true value of Health-Chem securities." Plaintiff's Memorandum in Support of His Motion for Maintenance of This Action as a Class Action (Plaintiff's Memorandum of Law at 26). Specific instances of misstatements and omissions are alleged by plaintiff which need not be repeated here. Suffice to say that "the overwhelming weight of authority holds that repeated misrepresentations of the sort alleged here satisfy the 'common question' requirement." *Blackie v. Barrack,* 524 F.2d 891, 902 (9th Cir.1975), *cert. denied,* 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976). I am satisfied that common questions are present in this action sufficient to meet the requirement of Rule 23(a)(2).

### 3. *Typicality*

Rule 23(a)(3) mandates that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class."

Defendants argue that Mr. Peil is an atypical plaintiff. They attempt to "dissect" plaintiff's proposed class period by setting forth factual allegations concerning the specifics of plaintiff's purchases and sales of Health-Chem stock, his profits and losses, the movement of the American Stock Exchange during the period and publications concerning Health-Chem. Defendants assert that this "dissection" shows "why plaintiff is disqualified to represent purchasers on each of the segments because of defenses personal to plaintiff which might not apply to other members of the proposed class." Defendants' Memorandum in Opposition to Motion for Class Certification and in Support of Defendants' Cross-Motion for Summary Judgment (Defendants' Memorandum of Law) at 60.

"[T]he mere fact that a representative plaintiff stands in a different factual posture is not sufficient to refuse certification." *Sley v. Jamaica Water and Utilities, Inc.,* 77 F.R.D. 391, 394–95 (E.D.Pa.1977). The atypicality "must be clear and must be such that the interests of the class are placed in significant jeopardy." *Id.* at 395.

On the record before me, it cannot be stated that any alleged atypicality of Mr. Peil is clear or that such atypicality would place the interests of the class in significant jeopardy. I see no reason why the asserted defenses applicable to Mr. Peil would render plaintiff Peil unique. I, further, see no reason to fear that he as class representative would be "distracted by a relatively unique personal defense." *Wolgin, supra,* 82 F.R.D. at 173, *quoting Koos v. First National Bank,* 496 F.2d 1162, 1165 (7th Cir.1974).

"The philosophy expressed in this and other judicial districts considers claims typical when the 'essence' of the allegations concerning liability, and not the particularities, suggest adequate representation of the interests of the proposed class members." *Piel v. National Semiconductor Corp.,* 86 F.R.D. 357, 371 (E.D.Pa.1980). Plaintiff alleges that defendants violated the federal securities laws by disseminating false and misleading information which effected an artificially inflated market price for Health-Chem securities, causing plaintiff

and the members of the class to purchase Health-Chem stock and thereby sustain damages. I agree with the plaintiff that to establish his claim he (in common with every class member) would have to prove the existence of the same course of conduct on the part of defendants. Thus, the "essence" of plaintiff Peil's allegations concerning liability suggests adequate representation of the interests of proposed members, despite arguable defenses to plaintiff Peil's claim that may not be applicable to all proposed class members.

Defendants also claim that plaintiff did not rely on any of the alleged omissions or misrepresentations in his complaint. This lack of reliance forms the gravamen of defendants' motion for summary judgment. *See* section II, *infra.* In considering the question of necessity for proof of individual reliance by each plaintiff as it relates to typicality under Rule 23(a)(3), "[t]he short answer ... is that individual proof of reliance would appear unnecessary where, as here, plaintiffs allege a fraud on the market.... " *Wolgin, supra,* 82 F.R.D. at 174. "In any event, '[t]he speculative possibility that defendants may have a right to show nonreliance for each class member and that they may wish to exercise this right is not enough to defeat a class action.'" *Id., quoting Simon v. Westinghouse Electric Corporation,* 73 F.R.D. 480, 486–87 (E.D.Pa. 1977).

Questions as to calculation of damages for individual class members likewise does not support a claim of atypicality. *Wolgin, supra,* 82 F.R.D. at 173; *Blackie v. Barrack, supra,* 524 F.2d at 908–11 (collecting authorities).

Defendants' other arguments concern particularities as to Mr. Peil's "factual posture" in the action, *e.g.,* whether Mr. Peil realized a profit from his Health-Chem investments. These arguments are premised on defendants' conclusions drawn from factual averments which are very much in dispute. Since these arguments cannot and do not affect my conclusion that the "essence" of Mr. Peil's claim is typical of those of the other proposed class members, I need

not address them. I conclude that the typicality requirement of Rule 23(a)(3) has been met.

### 4. *Adequate Representation*

Rule 23(a)(4) requires that the representative parties will fairly and adequately protect the interests of the class. In *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 247 (3d Cir.1975) (class representation under Rule 23(a)(4)), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975), the Court of Appeals for the Third Circuit stated:

> Adequate representation depends on two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class.

*Id.; Lewis v. Curtis,* 671 F.2d 779, 788 (3d Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 176, 74 L.Ed.2d 144 (1982).

Defendants assert that plaintiff should be disqualified as a class representative because he has no personal knowledge of any of the misrepresentations or omissions of which he complains and because the "complaint is strictly his lawyers' work."

In a complex securities case, a would-be class representative need not have, and often will not have, personal knowledge of facts sufficient to make out a prima facie case. *Wolgin, supra,* 82 F.R.D. at 175. The Court of Appeals for the Third Circuit recently rejected the argument that personal knowledge of the material facts of the claim are a prerequisite to class representation under Rule 23(a)(4). *Lewis v. Curtis, supra,* 671 F.2d at 789. The Court concluded that such a requirement does not make vigorous representation of the class any more likely, *Id.* "The adequacy-of-representation test is not concerned whether plaintiff personally derived the information pleaded in the complaint or whether he will personally be able to assist his counsel." *Id.* The Court concluded that the requirements of *Wetzel* are sufficient to insure adequate representation and declined to require anything further. *Id.*

Turning then to the requirements of *Wetzel,* plaintiff has presented the court with uncontested factual averments to support his adequacy as class representative. He is apparently a sophisticated investor and is willing to undertake the cost of litigation. He is cognizant of his responsibilities as class representative. In addition, plaintiff's counsel is qualified and experienced in conducting actions of this sort. I am fully satisfied that plaintiff's counsel can conduct the proposed class action in compliance with Rule 23(a)(4).

Defendants have the burden of demonstrating that the representation will be inadequate. *Lewis, supra,* 671 F.2d at 788. They have not done so. They have offered nothing of substance to question the adequacy of representation. I am constrained to note, however, that defendants have a disturbing proclivity for resorting to pejorative epithets directed at plaintiff and plaintiff's counsel as a substitute for argument, *e.g.,* analogizing plaintiff's counsel to an "ambulance chaser with a staff of runners" who stirs up controversy to create an opportunity to collect a fee. Defendants' Memorandum at 62–63. Name-calling and insulting innuendoes serve no purpose in a lawsuit, tend to distract parties from the real issues at hand and create an atmosphere of ill-will not conducive to the proper conduct of a complex action such as this where cooperation among counsel is especially necessary (particularly in matters of discovery and scheduling).

The second element of Rule 23(a)(4) as set forth in *Wetzel* is that plaintiff not have interests antagonistic to those of the class. Defendants have shown nothing to indicate that plaintiff has interests antagonistic to the class and I see none. The fact that certain defenses to Mr. Peil's complaint may be raised by defendants does not make Mr. Peil's interests adverse or antagonistic to other class members. I therefore conclude that the requirements of Rule 23(a)(4) are met.

### B. *Rule 23(b)(3) Requirements*

Since I have determined that the requirements of Rule 23(a) have been met, plaintiff must now show that one of the requirements of Rule 23(b) has been satisfied. Plaintiff relies on Rule 23(b)(3), *i.e.,* that questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other methods available for the fair and efficient adjudication of the controversy.

Concerning the first portion of Rule 23(b)(3), defendants take a constricted view of common issues of law and fact, arguing that the only common issue is whether defendants had a reasonable basis for their allegedly erroneous published opinions regarding Health-Chem's gypsy moth products. I agree with plaintiff that this characterization is too narrow. The core of issues concerning liability of defendants on the asserted claims is common to plaintiff and other members of the proposed class. If each member were to bring an individual suit based on claims as set forth by plaintiff Peil in his complaint, each would have to prove the same conduct and activities of defendants as alleged in the Peil complaint. Common questions include, *inter alia,* whether there existed a conspiracy to manipulate the price of Health-Chem stock by exaggerated claims as to the gypsy moth products, whether the complained of acts were performed by defendants, any impact of the acts of defendants on the price of securities, and the proper measure of damages.

Defendants argue that common questions are overshadowed by "questions as to the extent of reliance on the opinions [of defendants] by individual members of the proposed class." Defendants' Memorandum of Law at 81. Just as individual questions of reliance will not serve to defeat the typicality requirement of 23(a)(3), they will not serve in this action to override the common questions of law and fact to defeat the requirements of Rule 23(b)(3). In view of the number and importance of common issues, it cannot be said that issues regarding individual reliance preclude a finding of predominance.

There is authority for the proposition that individual reliance need not be proven, especially when allegations of nondisclosure or omission exist, "because the reliance factor may be 'established objectively by a showing of materiality.'" *Piel, supra,* 86 F.R.D. at 373 (E.D.Pa.1980), *quoting Simon v. Westinghouse Electric Co., supra,* 73 F.R.D. at 486; *Affiliated Ute Citizens v. United States,* 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1973). I do not at this time make any finding as to the necessity for individual proof of reliance. I only conclude that the possibility of such a requirement does not override the common questions of law and fact present in this action. These common questions predominate and therefore the first portion of Rule 23(b)(3) has been satisfied.

The second portion of Rule 23(b)(3) also requires a finding by the court of the superiority of the class action as a method for adjudication of the instant action. Defendants' only argument on this issue is that the filing of an individual action by another purchaser of Health-Chem stock during the class period demonstrates that a class action is not the superior method. *See Carty v. Health-Chem Corp.,* C.A. No. 82–1287 (E.D. Pa., filed March 22, 1982). This argument overlooks plaintiff's unchallenged assertion that there are thousands of potential class members who purchased Health-Chem stock during the class period. Undoubtedly, many of these members have claims for lesser damages than those of Mr. Peil or Mr. Carty. The cost of individual lawsuits would preclude them from seeking to litigate individually any complaint that they would have based on the course of conduct of defendants alleged in the Peil complaint. I agree with plaintiff Peil that the superiority of a class action to other available methods of adjudication is clear in this action.

One more issue must be addressed. Defendants have argued that the proposed class is too "broad," arguing that the dates for beginning and end of the class period are not explained by defendants. Plaintiff replies that, at least by the time of the issuance of Health-Chem's 1980 Annual Report on April 14, 1980 (the beginning of the class period), defendants embarked on a scheme to tout Health-Chem's prospects to the investing public. Plaintiff also contends that on or about November 2, 1981, there appears to have been sufficient public information relating to the falsity of defendants' alleged misrepresentations and omissions "to presumptively warrant" the closing of the class period. On November 2, 1981, Health-Chem issued its third quarter report disclosing results of its operations for the period in 1981 when gypsy moth infestation was active and for which time prior claims had been made as to the expected success of Health-Chem's gypsy moth products.

I find plaintiff's proposed class period to have a rational basis. I see no reason at this time why plaintiff's proposed class period should be characterized as overly broad.

Defendants' other arguments concerning the breadth of the class focus on individual questions of fact as to proposed class members which need not be addressed at this time and in no way impact on my decision to grant plaintiff's motion for class certification.

Plaintiff's motion for class certification will be granted.

## II. *Motion for Summary Judgment*

Defendants have moved for summary judgment in their favor, arguing that plaintiff, in a deposition taken November 17, 1982, made a number of admissions concerning non-reliance on and non-awareness of misrepresentations and omissions alleged in his complaint. From this defendants argue that summary judgment should be granted in their favor because without reliance plaintiff has no cause of action either under federal securities laws or at common law.

Plaintiff responds that a genuine issue of material fact remains for trial as to plaintiff's reliance and I agree. Plaintiff disputes that his deposition testimony admitted non-reliance. On the record before me, issues of fact as well as law exist as to

reliance of Mr. Peil and/or his broker on the alleged omissions and misrepresentations of defendants. I therefore need not at this stage of the proceedings decide the abstract issue of whether a plaintiff who does not rely on such omissions or misrepresentations may maintain an action under section 10(b) or rule 10b–5. There is, of course, authority for the proposition that, under certain circumstances, a presumption of reliance may be applied. *See Affiliated Ute, supra,* 406 U.S. at 153–54, 92 S.Ct. at 1472 (in cases involving primarily a failure to disclose, positive proof of reliance is not a prerequisite to recovery) and *Sargent v. Genesco, Inc.,* 75 F.R.D. 79, 84–85 (M.D.Fla.1977) (where defendants' misrepresentations and omissions were a part of a common scheme to manipulate the value of stock and defendants' fraudulent activities caused an artificial inflation of market value, reliance may be presumed). Under either the "omission" theory of *Affiliate Ute* or the "fraud on the market" theory of *Sargent,* the presumption of reliance may be rebutted, even by plaintiff's own testimony. *See id.; Beissinger v. Rockwood Computer Corp.,* 529 F.Supp. 770, 786 (E.D.Pa.1981).

Notwithstanding defendants' assertion that plaintiff Peil admitted non-reliance in his deposition testimony, the above issues must be put before a fact finder on a fully developed record and in the context of a trial. The drastic remedy of summary judgment is simply inappropriate for resolution of these issues. Defendants' motion for summary judgment will be denied. An order follows.

## ORDER

It is hereby ordered that:

(1) plaintiff's motion for class action under Federal Rule of Civil Procedure 23(b)(3) is granted;

(2) plaintiff is certified as a representative of the following classes:

(a) all persons who purchased stock of Health-Chem Corporation during the period April 14, 1980, through and including November 2, 1981; and

(b) all persons who purchased Health-Chem Corporation's 10⅜% convertible debentures in connection with Health-Chem Corporation's public offering of April 15, 1981;

(3) the parties shall, within sixty (60) days from the date of this order, conduct discovery for purposes of identifying class members and submit to the court a proposed method and form of notice to individual class members, as required by Federal Rule of Civil Procedure 23(c)(2).

It is further ordered that defendants' motion for summary judgment is denied.