Lee SQUITIERI

v.

Irving GOULD, et al.

Civ. A. No. 89–6832.

United States District Court, E.D. Pennsylvania.

Oct. 24, 1990.

Sherrie R. Savett, Berger & Montague, P.C., Philadelphia, Pa., Richard S. Schiffrin, Michael D. Craig, Schiffrin & Craig, Chicago, Ill., for plaintiff.

Ellen Rosen Rogoff, Bennett G. Picker, Bolger, Picker, Hankin & Tannenbaum, Philadelphia, Pa., Frederick Yerman, Phillip Geraci, Marvin S. Mayell, Kaye, Scholer, Fierman, Hays & Handler, New York City, for defendants.

## MEMORANDUM AND ORDER

KATZ, District Judge.

The named plaintiff in this case, Lee Squitieri, has moved, pursuant to Rule 23 of the Federal Rules of Civil Procedure, that this action be maintained as a class action. On October 4, 1990, the parties stipulated and agreed that the claims in Count I of the Amended Class Action Complaint (the "Amended Complaint"), which are based upon violations of the federal securities laws, shall be maintained as a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. Stipulation and Order as to Class Determination (ordered Oct. 5, 1990). Thus, the only issue to resolve on plaintiff's motion is whether plaintiff's pendent state law claim for negligent misrepresentation in Count II of the Amended Complaint should be certified for class treatment. For the reasons set forth below, I will not certify Count II for class treatment. In addition, I will deny defendants' motion for partial summary judgment dismissing plaintiff's pendent claim for negligent misrepresentation.

## I. BACKGROUND

Plaintiff alleges that the defendants made a series of false and misleading statements regarding the finances, profits, and future prospects of Commodore International, Ltd. ("Commodore"), which caused an artificial inflation of the market price of Commodore securities throughout the class period and caused thousands of investors to suffer substantial damages. Commodore is a Bahamian corporation with its principal executive office in West Chester, Pennsylvania, which manufactures and sells microcomputer products worldwide through wholly-owned subsidiaries and independent distributors. Amended Class Action Complaint ¶¶ 6, 14. The named plaintiff, Lee Squitieri, purchased 200 shares of Commodore stock on June 28, 1989, at $14.25 per share. *Id.* ¶ 5.

Specifically, plaintiff alleges the following: that defendants made false and misleading statements on several occasions between April 18, 1989 and October 19, 1989, which were reported in *The Wall Street Journal* and *PR News Wire*[1]; that these statements projected a substantial improvement in Commodore's earnings for fiscal 1989 over the prior fiscal year and a profitable first quarter of fiscal 1990; that these statements were made without any reasonable basis, because defendants knew or recklessly disregarded the fact that Commodore's largest subsidiary was suffering a dramatic slowdown in sales and that extraordinary measures taken by Commodore to increase fourth quarter 1989 sales would decrease Commodore's first quarter fiscal

---

1. Several of these statements were attributed to defendant Irving Gould, Chairman of the Board of Directors and Chief Executive Officer of Commodore. Amended Complaint ¶¶ 19–20, 24, 29.

1990 sales and earnings; that the false and misleading statements artificially inflated the market price of Commodore common stock; and that when the "truth" emerged as a result of disclosures made on July 21, 1989 and October 19, 1989, the value of Commodore's stock dropped dramatically, causing thousands of investors to lose tens of millions of dollars. Amended Complaint ¶¶ 1, 19–41.

On June 25, 1990, plaintiff filed a Motion for Class Certification. The class that plaintiff proposes would include all persons who purchased Commodore common stock from June 5, 1989 through October 19, 1989 (the "Class") and who suffered a loss thereby.[2] Excluded from the class would be "Commodore, the individual defendants, members of the immediate family of each of the individual defendants, any entity in which any defendant has a controlling interest, and the legal representatives, heirs, successors, predecessors in interest, or assigns of any of the individual defendants." Plaintiff's Motion for Class Certification at 1. Plaintiff estimates that the class "must number in the thousands." Plaintiff's Memorandum of Law in Support of His Motion for Class Certification at 9.

## II. CLASS ACTION CERTIFICATION

Under Federal Rule of Civil Procedure 23(a), a plaintiff may sue on behalf of a class only if:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition to satisfying each of the requirements set out in Rule 23(a), the proposed class must meet one of the three standards set out in Rule 23(b). The plaintiff in this action seeks certification under Rule 23(b)(3), which provides two additional criteria for class action treatment: (1) questions of law or fact common to class members must predominate over any questions affecting only individual members; and (2) the class action device must be superior to other available methods of adjudication. Fed.R.Civ.P. 23(b)(3).

The burden is on the party seeking to utilize the class action form to prove that the requirements of Rules 23(a) and 23(b) are met. *Davis v. Romney*, 490 F.2d 1360, 1366 (3d Cir.1974); *Glick v. E.F. Hutton & Co.*, 106 F.R.D. 446, 447 (E.D.Pa. 1985). The Third Circuit has noted, however, that "[c]lass actions are a particularly appropriate and desirable means to resolve claims based on the securities laws, 'since the effectiveness of the securities laws may depend in large measure on the application of the class action device.' " *Eisenberg v. Gagnon*, 766 F.2d 770, 785 (3d Cir.), *cert. denied*, 474 U.S. 946, 106 S.Ct. 342, 88 L.Ed.2d 290 (1985) (citation omitted). Thus, " '[t]he interests of justice require that in a doubtful case ... any error, if there is to be one, should be committed in favor of allowing a class action.' " *Id.* (citations omitted). In addition, at the Rule 23 motion stage, the requirements of the rule itself, not the merits of the case, are at issue. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974); *Rishcoff v. Commodity Fluctuations Systems, Inc.*, 111 F.R.D. 381, 382 (E.D.Pa.1986).

In the instant case, plaintiff seeks class certification under Rule 23(b)(3) of his pendent state law claim for negligent misrepresentation. While I recognize that the propriety of certifying Rule 23(b)(3) classes in common law securities fraud cases is a close question, *see, e.g., Peil v. Speiser*, 806 F.2d 1154, 1159 n. 8 (3d Cir.1986), I find that the plaintiff has failed to demonstrate that common questions predominate over individual questions, or that a class action is superior to other available methods of adjudication of this dispute.

---

**2.** Plaintiff originally proposed that the class period run from April 18, 1989 through October 19, 1989. Plaintiff's Motion for Class Certification at 1. On October 17, 1990, on plaintiff's unopposed motion, the court amended the class period.

Common law negligent misrepresentation claims "raise issues which are personal to each individual plaintiff. In particular, an essential element of such common law claims is that plaintiff affirmatively relied on the misrepresentation alleged." *Snider v. Upjohn Co.*, 115 F.R.D. 536, 542 (E.D. Pa.1987); *see also In re Bexar County Health Facility Development Corp. Securities Litigation*, 125 F.R.D. 625, 636 (E.D. Pa.1989); *Gavron v. Blinder Robinson & Co.*, 115 F.R.D. 318, 325 (E.D.Pa.1987); *cf. Rosenberg v. Digilog, Inc.*, 648 F.Supp. 40, 43–44 (E.D.Pa.1985) (finding no state court decisions adopting a "fraud on the market" theory of reliance to be applied to state law misrepresentation claims). Thus, class certification of plaintiff's pendent state claim is inappropriate because "a determinative critical issue [does not] overshadow[ ] all other issues." *Stott v. Haworth*, 916 F.2d 134, 145 (4th Cir.1990).

Furthermore, a class action suit which would require the court to hold separate trials on the reliance issue with respect to possibly thousands of individual claimants would pose considerable administrative difficulty. Using a special master or questionnaires, as plaintiff suggests, would not obviate the need for separate jury trials on the reliance issue, unless the parties are able to agree otherwise. In addition, since the plaintiff's individual negligent misrepresentation claim will be resolved at trial on special interrogatories breaking down the issues to separate individual reliance, the application of collateral estoppel provides a less complex alternative to a class action. In any event, my present sense of the case is that if I certify a class on the state law claim, the reliance tail will wag the negligent misrepresentation dog.

In addition, on the present underdeveloped state of the record, other factors arguing against finding commonality and superiority under Rule 23(b)(3) are the differences among the laws of the various states regarding negligent misrepresentation and the lack of clarity in state law on these claims. *See In re Bexar County*, 125 F.R.D. at 636 (class certification of pendent state law claims was inappropriate because "individual questions of state law regard-

ing the elements of ... various theories will certainly predominate.").

Because common issues do not predominate over individual issues with respect to plaintiff's common law misrepresentation claim, and because the class action device is not superior to other available methods of adjudicating this dispute, I will not certify Count II of the Amended Complaint for class determination.

## III. SUMMARY JUDGMENT

Defendants have moved for partial summary judgment dismissing plaintiff's pendent claim for negligent misrepresentation. Because that claim involves genuine issues of material fact, I will deny defendants' motion.